LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
STAR SHIPPING A/S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARCELOR INTERNATIONAL AMERICA, LLC,

                    Plaintiff,              **ECF CASE**

      - against -                    07 Civ. 5866 (LTS)

M/V STAR HANSA, her engines, boilers, *etc.*,
and STAR SHIPPING A/S,
                    Defendants.
------------------------------------------------------------------X

## ANSWER TO VERIFIED COMPLAINT

Defendant STAR SHIPPING A/S ("STAR"), by its attorneys Lyons & Flood, LLP, for its Answer to plaintiff's Verified Complaint alleges, upon information and belief, as follows:

1.    Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) with respect to the carriage of the subject cargo by sea, but except as so specifically admitted herein, denies the remaining allegations of paragraph FIRST of the Verified Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs SECOND and SEVENTH of the Verified Complaint.

3.    Admits that defendant STAR is a corporation organized and existing under

and by the virtue of foreign law, with an office and place of business located at Fortunen 1, P.O. Box 1088 Sentrum, N-5809 Bergen, Norway and admits that defendant STAR was a charterer of the M/V STAR HANSA, but except as so specifically admitted herein, denies the remaining allegations of paragraph THIRD of the Verified Complaint.

4. Admits that the M/V STAR HANSA was a ship employed in the carriage of merchandise by water for hire, but except as so specifically admitted herein, denies the remaining allegations of paragraph FOURTH of the Verified Complaint.

5. Admits that defendant STAR accepted: (1) a shipment of tinplate coils for carriage aboard the M/V STAR HANSA on October 27, 2005, from Antwerp to San Francisco; (2) a shipment of tinplate coils for carriage aboard the M/V STAR HANSA on January 28, 2006, from Antwerp to San Francisco; (3) a shipment of steel coils for carriage aboard the M/V STAR HANSA on January 28, 2006, from Antwerp to Los Angeles; and (4) a shipment of steel coils for carriage aboard the M/V STAR HANSA on January 28, 2006, from Antwerp to Los Angeles, but except as so specifically admitted herein, denies the remaining allegations of paragraph FIFTH of the Verified Complaint.

6. Denies the allegations contained in paragraphs SIXTH and EIGHTH of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

7. The Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

8. Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

9. The shipments described in plaintiff's Verified Complaint are subject to all the terms, conditions, and exceptions contained in certain bills of lading then and there issued therefore by which plaintiff, shippers, cargo owners, consignees, and holders of said bill of lading agreed to be and are bound. Any mis-delivery, non-delivery, non-conformance, shortage, loss or damage to the shipments, which defendant expressly denies, was due to causes for which defendant is not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. 1300 *et seq.* approved April 16, 1936, the Harter Act, the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law and/or charter party and/or fixture agreement and/or the Hague Rules or the Hague-Visby Rules.

## FOURTH AFFIRMATIVE DEFENSE

10. Due diligence was exercised on the part of defendant to make the Vessel and her appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage, and preservation.

## FIFTH AFFIRMATIVE DEFENSE

11. If the shipments were damaged, which defendant expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks of the goods for which the defendant is not liable pursuant to §§ 1304(2)(n) and (o) of COGSA and by the terms of the contracts of carriage.

## SIXTH AFFIRMATIVE DEFENSE

12. Any damage to the shipments, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which

defendant is not liable pursuant to § 1304(2)(m) of COGSA and by the terms of the contracts of carriage.

### SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to mitigate reasonably its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

14. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which defendant is not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

### NINTH AFFIRMATIVE DEFENSE

15. The maximum liability of defendant, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

### TENTH AFFIRMATIVE DEFENSE

16. If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents or servants, including but not limited to, the stevedores at the load port and discharge port.

### ELEVENTH AFFIRMATIVE DEFENSE

17. If plaintiff's cargo sustained any loss or damage, which defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to § 1304(2)(g) of COGSA.

## TWELFTH AFFIRMATIVE DEFENSE

18. If plaintiff's cargo sustained any loss or damage, which defendant expressly denies, said loss or damage was caused by a peril, danger, or accident of the sea or other navigable waters for which the carrier is not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage.

## THIRTEENTH AFFIRMATIVE DEFENSE

19. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by the carrier because plaintiff did not give timely written notice of damage under the provisions of the bills of lading and as required by § 1303(6) of COGSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

20. If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

## FIFTEENTH AFFIRMATIVE DEFENSE

21. The Court lacks jurisdiction over the M/V STAR HANSA *in rem*.

## SIXTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

23. The Court lacks jurisdiction over defendant STAR *in personam*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

24. The bills of lading in question contain a forum selection clause, which requires all claims arising out of or under the bills of lading to be adjudicated in Norway. Thus, the action should be dismissed based on the forum selection clause in the bills of lading.

WHEREFORE, defendant STAR SHIPPING A/S prays:-

a. that judgment be entered in favor of defendant and against plaintiff, dismissing the Verified Complaint herein together with costs and disbursements of this action; and

b. that judgment be entered in favor of defendant herein for such other and further relief as the Court deems just and proper.

Dated: August 29, 2007

> LYONS & FLOOD, LLP
> Attorneys for Defendant
> STAR SHIPPING A/S
>
> By: *[signature]*
> Kirk M. Lyons (KL-1568)
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 29th day of August 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

>NICOLLETTI HORNIG & SWEENEY
>Wall Street Plaza
>88 Pine Street, 7th Floor
>New York, NY 10005

_____
Kirk M. Lyons

U:\kmhldocs\2563034\Pleadings\Answer.doc