UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARCELOR INTERNATIONAL AMERICA, LLC,

                               Plaintiff,                              **ECF CASE**

         - against -                                         07 Civ. 5866 (LTS) (DFE)

M/V STAR HANSA, her engines, boilers, *etc.*,          **PRELIMINARY**
and STAR SHIPPING A/S,                                 **PRE-TRIAL**
                              Defendants.                         **STATEMENT**
------------------------------------------------------------X

a.    **A concise statement of the nature of this action.**

      This action involves plaintiff's claims for rust damage and damage to four shipments of tinplate coils and steel coils transported by defendants from Antwerp to the United States on board the M/V STAR HANSA.

b.    **A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations as to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

      The parties agree that Federal jurisdiction is based on 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h) as this is an admiralty and maritime claim.

c.    **A concise statement of all material uncontested or admitted facts.**

      The parties agree that defendants carried the subject cargoes for hire aboard the M/V STAR HANSA.

d.    **A concise statement of all uncontested legal issues.**

      All parties agree that the United States Carriage of Goods by Sea Act "COGSA" 28 U.S.C. § 1300 et seq. and/or the Hague-Visby Rules apply.

e.    **A concise statement of all legal issues to be decided by the Court.**

      Plaintiff contends that it is able to establish a prima facie case of carrier liability, i.e., that the cargo was received by the defendants in good order and condition and was discharged by the defendants in a damaged and rusted condition. Plaintiff contends that all damage to the aforementioned shipment was caused while these goods were in the exclusive care, custody and control of the defendants, and it is thus the legal responsibility of defendants to pay damages resulting therefrom.

Defendants contend that there is an issue as to the condition of the cargo before it was loaded as the cargo appears to have been loaded in "apparent" good order. Defendants further contend that one or more defenses contained in COGSA, the Hague-Visby Rules and/or the applicable contracts of carriage exonerate defendants from liability.

**f.    Each party's concise statement of material disputed facts.**

Plaintiff contends that the rust damage and damage to the coils resulted from the carelessness of defendants in allowing sea water infiltration into the vessel's holds and/or the infiltration of fresh water into the holds caused by precipitation and/or condensation forming within the hold as a result of improper and inadequate ventilation of said hold and/or through other fault on the part of defendants. As such, the vessel and her holds were not fit for the preservation of the subject cargo. As a result of the foregoing, rust and damage was observed on the steel coils at the time of delivery from the M/V STAR HANSA.

Defendants contend that the alleged cargo damage was not caused by the fault on the part of defendants, and that defendants are not liable by virtue of the defenses provided by COGSA, the Hague-Visby Rules and/or the applicable contracts of carriage.

**g.    A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by plaintiff or counterclaimant.**

Plaintiff contends that under U.S. COGSA and Hague-Visby Rules, plaintiff's prima facie case is established with proof of receipt by the defendant carriers of a certain quantity of goods along with evidence of damage at the time the goods are outturned at the port of delivery. The burden then shifts to defendants to show that the damage was caused at some time while the goods were not in their custody and control and/or was in no way attributable to any negligence on their part. Plaintiff further contends that the United States Carriage of Goods by Sea Act "COGSA" 28 U.S.C. §1300 et seq. and the Hague-Visby Rules apply, however, in this instance, any limitation imposed by COGSA and/or the Hague-Visby Rules is not applicable.

**h.    Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

Defendants contend that the alleged cargo damage was not caused by the fault on the part of defendants, and that defendants are not liable by virtue of the defenses provided by the United States Carriage of Goods by Sea Act "COGSA" 28 U.S.C. et seq., the Hague-Visby Rules and/or the applicable contracts of carriage.

i.     **A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

Plaintiff contends that under U.S. COGSA and the Hague-Visby Rules, plaintiff has the burden of establishing proof of receipt by the defendant carriers of a certain quantity of goods in good order, as well as evidence of damage at the time the goods are outturned at the port of delivery. The burden then shifts to defendants to show that the damage was caused at some time while the goods were not in their custody and control and/or was in no way attributable to any negligence on their part. The parties contend that the United States Carriage of Goods by Sea Act "COGSA" 28 U.S.C. et seq., and the Hague-Visby Rules are applicable to this action.

Defendants contend that once they establish one of the defenses under U.S. COGSA and/or the Hague-Visby Rules or that they exercised due diligence to make the vessel seaworthy, the burden shifts back to plaintiff to prove that defendants were negligent.

j.     **Whether and to what extend amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

At this point in time, neither party anticipates that the pleadings will need to be amended or that other parties will need to be added. However, the parties reserve their right to do so and request that they be given until October 12, 2007, to amend their pleadings and/or add additional parties as of right.

k.     **A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

The parties do not consent to the trial of this matter by a magistrate judge.

l.     **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The parties do not presently envision any changes to the timing, form and requirements for disclosures under Fed. R. Civ. P. 26(a). The parties will provide the Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) by October 12, 2007.

m.     **The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

Plaintiff will seek discovery of defendants for all voyage documents including, but not limited to, bills of lading, survey reports, materials pertaining to salvage efforts and internal correspondence discussing the voyages, shipments and loss. Plaintiffs will also see production of all vessel and voyage information including all manifests, Mate's Receipts, pre-loading survey reports,

deck and weather logs, stowage plans, ventilation logs, all preliminary and final Over Short & Damage (OS&D) Reports, dock receipts, dock tallies, discharge tallies and survey reports, and to permit the inspection of the subject vessel by plaintiff's designated expert.

Defendants will seek discovery on (a) the condition of the cargo before loading, (b) the extent of the alleged damage to the cargo, and (c) the extent of losses allegedly sustained by plaintiff through document production and depositions.

The parties propose a fact discovery cut-off date of March 14, 2008.

**n.     Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

An expert may be employed by plaintiff to opine as to the effects of sea and fresh water, including precipitation and condensation) on cold rolled steel products, as well as the proper handling and transport of cold rolled steel products. An expert may opine as to the cause of the rust damages to the subject steel coils. Defendants will require expert evidence as to these same issues and to rebut plaintiff's experts and on the packaging of the cargo and extent of alleged damage to the cargo.

    a. Initial expert reports by all parties are to be served four (4) weeks after the close of fact discovery;

    b. Rebuttal expert reports by all parties are to be served two (2) weeks after initial expert reports;

    c. All expert depositions are to be completed four (4) weeks after rebuttal expert reports are served.

**o.     What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

The parties do not anticipate any changes in the limitations on discovery, but reserve the right to petition the Court for such changes if the need arises at a later date.

**p.     The status of settlement discussions and the prospects for settlement of the action in whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.**

The parties have had preliminary settlement discussions and intend on continuing an open dialogue to discuss settlement.

q.  **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

Plaintiff contends that this is to be tried without a jury and estimates that it will take two (2) days to present its case.

Defendants contend that the case is to be tried without a jury and estimate that it will take two (2) days to present its defense.

r.  **Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

The parties do not anticipate the need for any such Orders at the present time. The parties reserve their right to seek such Orders if the need subsequently arises during the course of litigation.

Dated: September 12, 2007

| | |
|---|---|
| NICOLETTI HORNIG & SWEENEY<br>Attorneys for Plaintiff | LYONS & FLOOD, LLP<br>Attorneys for Defendants<br>M/V STAR HANSA and<br>STAR SHIPPING A/S |
| By: _/s/ James F. Sweeney_<br>James F. Sweeney (JFS-7745)<br>Wall Street Plaza<br>88 Pine Street, 7th Floor<br>New York, NY 10005<br>(212) 220-3830 | By: _/s/ Kirk M. Lyons (vc)_<br>Kirk M. Lyons (KL-1568)<br>65 West 36th Street, 7th Floor<br>New York, NY 10018<br>(212) 594-2400 |

IT IS SO ORDERED

Dated: September ___, 2007

_____
LAURA TAYLOR SWAIN
United States District Judge

X:\Public Word Files\3\304\LEGAL\Preliminary Pre-Trial Statement.9.12.07.doc