LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
M/V STAR HANSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARCELOR INTERNATIONAL AMERICA, LLC,

                                    Plaintiff,              **ECF CASE**

              - against -                                   07 Civ. 5866 (LTS)

M/V STAR HANSA, her engines, boilers, *etc.*,
and STAR SHIPPING A/S,
                                    Defendants.
-------------------------------------------------------------------X

## ANSWER TO VERIFIED COMPLAINT

Defendant M/V STAR HANSA (the "Vessel"), by and through its attorneys

Lyons & Flood, LLP, for its Answer to plaintiff's Verified Complaint alleges, upon

information and belief, as follows:

1.      Admits that this is an admiralty and maritime claim within the meaning of

Rule 9(h) with respect to the carriage of the subject cargo by sea, but except as so

specifically admitted herein, deny the remaining allegations of paragraph FIRST of the

Verified Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs SECOND and SEVENTH of the Verified

Complaint.

3.      Admits that defendant STAR SHIPPING A/S ("STAR") was a charterer of

the M/V STAR HANSA, but except as so specifically admitted herein, denies the remaining allegations of paragraph THIRD of the Verified Complaint.

4.    Admit that defendant Vessel was a ship employed in the carriage of merchandise by water for hire, but except as so specifically admitted herein, denies the remaining allegations of paragraph FOURTH of the Verified Complaint.

5.    Admits that defendant Vessel accepted: (1) a shipment of tinplate coils for carriage aboard the Vessel on October 27, 2005, from Antwerp to San Francisco; (2) a shipment of tinplate coils for carriage aboard the Vessel on January 28, 2006, from Antwerp to San Francisco; (3) a shipment of steel coils for carriage aboard the Vessel on January 28, 2006, from Antwerp to Los Angeles; and (4) a shipment of steel coils for carriage aboard the Vessel on January 28, 2006, from Antwerp to Los Angeles, but except as so specifically admitted herein, denies the remaining allegations of paragraph FIFTH of the Verified Complaint.

6.    Denies the allegations contained in paragraphs SIXTH and EIGHTH of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

7.    The Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

8.    Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

9.    The shipments described in plaintiff's Verified Complaint are subject to

all the terms, conditions, and exceptions contained in certain bills of lading then and there

issued therefore by which plaintiff, shippers, cargo owners, consignees, and holders of

said bill of lading agreed to be and are bound. Any mis-delivery, non-delivery, non-

conformance, shortage, loss or damage to the shipments, which defendant expressly

denies, was due to causes for which defendants is not liable or responsible by virtue of

the provisions of the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. 1300 *et*

*seq*. approved April 16, 1936, the Harter Act, the provisions of the bill of lading, and/or

the General Maritime Law and/or applicable foreign law and/or charter party and/or

fixture agreement and/or the Hague Rules or the Hague-Visby Rules.

## FOURTH AFFIRMATIVE DEFENSE

10.    Due diligence was exercised to make the Vessel and her appurtenances

seaworthy, and to make all other parts of the vessel in which goods are carried, fit and

safe for their reception, carriage, and preservation.

## FIFTH AFFIRMATIVE DEFENSE

11.    If the shipments were damaged, which defendant expressly denies, the

damage was caused by or due to insufficiency of packaging or inadequacy of marks of

the goods for which the defendant is not liable pursuant to §§ 1304(2)(n) and (o) of

COGSA and by the terms of the contracts of carriage.

## SIXTH AFFIRMATIVE DEFENSE

12.    Any damage to the shipments, which is expressly denied, was caused by,

due to, or contributed to by inherent defect, quality or vice of the goods for which

defendant is not liable pursuant to § 1304(2)(m) of COGSA and by the terms of the

contracts of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

13.    Plaintiff has failed to mitigate reasonably its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

14.    Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which defendant is not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

## NINTH AFFIRMATIVE DEFENSE

15.    The maximum liability of defendants, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

## TENTH AFFIRMATIVE DEFENSE

16.    If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents or servants, including but not limited to, the stevedores at the load port and discharge port.

## ELEVENTH AFFIRMATIVE DEFENSE

17.    If plaintiff's cargo sustained any loss or damage, which defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to § 1304(2)(g) of COGSA.

## TWELFTH AFFIRMATIVE DEFENSE

18.    If plaintiff's cargo sustained any loss or damage, which defendant

expressly denies, said loss or damage was caused by a peril, danger, or accident of the sea or other navigable waters for which the carrier is not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage.

### THIRTEENTH AFFIRMATIVE DEFENSE

19.    The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by the carrier because plaintiff did not give timely written notice of damage under the provisions of the bills of lading and as required by § 1303(6) of COGSA.

### FOURTEENTH AFFIRMATIVE DEFENSE

20.    If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and defendant is not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

### FIFTEENTH AFFIRMATIVE DEFENSE

21.    Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

22.    The bills of lading in question contain a forum selection clause, which requires all claims arising out of or in connection with the bills of lading to be adjudicated in Norway. Thus, the action should be dismissed based on the forum selection clause in the bills of lading.

WHEREFORE, defendant M/V STAR HANSA prays:

a.   that judgment be entered in favor of defendant and against plaintiff, dismissing the Verified Complaint herein together with costs and disbursements of this action; and

b.   that judgment be entered in favor of defendant herein for such other and further relief as the Court deems just and proper.

Dated: September 25, 2007

LYONS & FLOOD, LLP
Attorneys for defendant
M/V STAR HANSA

By:   _____
Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2563034\Pleadings\Answer ( Star Hansa).doc

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this

Honorable Court, affirms on this 25th day of September 2007, I served true copies of the

foregoing, by U.S. Mail, first-class postage pre-paid, to:

NICOLLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005


_____
Kirk M. Lyons

U:\kmhldocs\2563034\Pleadings\Answer ( Star Hansa).doc